IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

TERRY GASKIN                                                  PLAINTIFF

VS.                                                  CAUSE No.: 1:19-CV-180-MPM-DAS

LINCOLN FINANCIAL GROUP DBA
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
AND JOHN DOE                                                    DEFENDANT

## **COMPLAINT**

COMES NOW, TERRY GASKIN, by and through counsel, and files this civil action against Defendant, LINCOLN FINANCIAL GROUP doing business as LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and JOHN DOE and in support thereof would show unto the Court the following:

I.

TERRY GASKIN is an adult resident citizen of Chickasaw County, Mississippi. The Defendant, LINCOLN FINANCIAL GROUP doing business as LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, is a foreign corporation with its principal place of business located at 100 Liberty Way, Dover, New Hampshire, 03820, doing business in the State of Mississippi, which may be served with process by service of process upon the Insurance Commissioner of the State of Mississippi. John Doe is any unknown party or agency involved in the denial of benefits to the Plaintiff.

II.

This Court has jurisdiction of the parties and subject matter of this cause pursuant to 28 U.S.C. § 1331, Federal Question and 28 U.S.C. § 1332 Diversity of Citizenship, and 29 U.S.C. § 1132, for civil enforcement of beneficiary's rights under a plan governed by the Employee

Retirement Income Security Act of 1974 (ERISA). Venue is proper as the original group policy of insurance was issued in the Northern District of Mississippi.

III.

The Defendant, LINCOLN FINANCIAL GROUP doing business as LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter Lincoln Financial Group) underwrote an insurance policy for Cooper Tire and Rubber Company of which Plaintiff was a member. The claim number for Plaintiff's policy was 7154989. A determination was September 10, 2019, upholding the denial of benefits under this Policy.

IV.

Plaintiff became disabled as a result of chronic neck pain, left shoulder pain, carpal tunnel syndrome, and cervical disc degeneration. The Social Security Administration has found Plaintiff disabled.

V.

The adverse determination concluded that Plaintiff was not disabled and that he would be able to substantially engage in the material and substantial duties of any occupation as defined by liberty mutual. The treating opinions by Gabriel Rulewicz, M.D, and Zandea Dawn Frans, NP, all support a finding of continued disability on behalf of Plaintiff and support the contention that Plaintiff is unable to perform any occupations in the national economy as defined by the Lincoln Financial Group doing business as Liberty Life Assurance Company of Boston policy. Furthermore, Lincoln Financial Group's reliance on physicians that have not treated or examined Plaintiff are arbitrary and capricious in nature. Dr. Arlen Green's findings are controverted by

nearly every page of objective medical evidence by physicians and medical professionals that have actually examined Plaintiff.

## VI.

The Defendant's final denial on September 10, 2019, as well as the Defendant's course of conduct throughout Plaintiff's initial application for benefits to the present is not only arbitrary and capricious, not based on credible evidence nor on applicable law, but evince an intentional decision to disregard the medical evidence.

## VII.

The Defendant is liable for breach of contract and breach of fiduciary duty.

## VIII.

The Plaintiff is entitled to judgment against the Plaintiff including but not limited to a declaration that he is entitled to benefits, all sanctions available to the Plaintiff under ERISA, including his expenses of litigation and attorney's fees as well as pre and post judgment interest.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment of and against the Defendant for past and present disability benefits under the plan which is the subject matter of this suit, prejudgment and post-judgment interest, attorney's fees, liquidated damages, consequential damages and any and all other applicable administrative penalties, damages, and fees to which he may be entitled under federal and state law and equity, together with the cost of this action.

Respectfully submitted this the 12th day of October, 2019.

                                          TERRY GASKIN, PLAINTIFF

                                          BY: /s/Thomas U. Reynolds
                                          THOMAS U. REYNOLDS; MSB: 5307
                                          P O DRAWER 280
                                          CHARLESTON, MS 38921

OF COUNSEL:

Leanna Reynolds; MSB: 104947
P O Drawer 280
Charleston, MS 38921
reynoldsleanna@gmail.com
662-647-3203